# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 96-41153
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC MARROQUIN,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:94-CV-704

---

July 2, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

Eric Marroquin, federal prisoner #02042-078, appeals from the district court's denial of his

28 U.S.C. § 2255 complaint to set aside his conviction and sentence. He argues that he was denied

his right to testify at trial, that his conviction and sentence violated the Double Jeopardy Clause, and

that his sentence was excessive in violation of the Eighth Amendment. We find that no reversible

error was committed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

After conducting an evidentiary hearing on the issues raised by Marroquin, the magistrate found that Marroquin voluntarily waived his right to testify at trial. This finding is reviewed for clear error.[2] Marroquin failed to produce a transcript of the evidentiary hearing for our review.[3] The burden to produce this transcript was his.[4] Without this record of the evidence, we cannot review the magistrate's findings of fact that were adopted by the district court.[5] Marroquin has failed to meet his burden of showing clear error.

Next, Marroquin argues that he was involved in only one scheme to defraud insurance companies. He maintains that his convictions and sentences on multiple counts of mail fraud and conspiracy violate the Double Jeopardy Clause because he is being punished multiple times for one scheme to defraud. We find that Marroquin's argument is without merit. First, Marroquin committed a separate offense of mail fraud each time he used the mail to perpetrate his scheme.[6] The district court did not err in imposing a sentence for each count on which Marroquin was convicted.[7] Furthermore, the evidence, viewed as a whole, supports the finding that Marroquin was engaged in multiple conspiracies.[8] Marroquin relied upon different coconspirators and performed separate and

---

[2]    *United States v. Gipson*, 985 F.2d 212, 214 (5th Cir. 1993).

[3]    Marroquin produced a transcript consisting of his testimony only. Counsel argues that "it is this evidence that is relevant to this appeal". To review the evidence supporting a factual finding, we must review all of the evidence, not just the evidence favoring one of the parties.

[4]    *See* Fed.R.App.P. 10(b)(2); *United States v. Bollman*, 141 F.3d 184, 187 (5th Cir. 1998).

[5]    *See United States v. Gonzalez*, 76 F.3d 1339, 1342 (5th Cir. 1996).

[6]    *United States v. Shaid*, 730 F.2d 225, 230 (5th Cir. 1984).

[7]    *Id*.

[8]    To determine whether a defendant was engaged in a single conspiracy or in multiple conspiracies, this Court looks at the totality of the evidence. *United States v. Cihak*, 137 F.3d 252,

2

distinct overt acts to accomplish each conspiracy. And, the various conspiracies were completed at different times. The district court did not err in finding that Marroquin was engaged in more than one conspiracy.

Finally, Marroquin argues that his sentence violates the Eighth Amendment because it is disproportionate to the crime committed. Marroquin's sentence is within the statutory limits for the crimes he committed.[9] We find that his sentence is not grossly disproportionate to the offense.

The judgment of the district court is AFFIRMED.

---

258 (5th Cir. 1998). When making this determination, we consider (1) the temporal proximity of the events underlying the charges, (2) the identity of the coconspirators, (3) the similarity of the offenses charged in the indictment, (4) the overt acts committed in furtherance of each charged conspiracy, and (5) the geographic proximity of the underlying events. *Id.* No single factor is dispositive. *Id.*

[9] Marroquin committed the underlying offenses before November 1, 1987. Therefore, the Sentencing Guidelines do not apply to his case. *United States v. Lemons*, 941 F.2d 309, 319 (5th Cir. 1991).